# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, John F. Rivera, being first duly sworn, do here by depose and state that:

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (ICE/HSI) presently assigned to the office of the Special Agent in Charge, San Juan, (SAC/SJ) Puerto Rico. I am currently assigned to the Caribbean Corridor Strike Force (CCSF) Maritime Interdiction Group. As a Special Agent, my duties and responsibilities include conducting investigations of: alleged manufacturing, distributing or possession of Controlled Substances (Title 21, United States Code, Sections 841 (a)(1)); Conspiracy to Distribute a Narcotic Drug Controlled Substances into the United States (Title 21, United States Code, Section 846); Importation of Controlled Substances (Title 21, United States Code, Section 952(a); Smuggling of Goods into the United States (Title 18, United States Code, Section 545); Failure to Declare (Title 31, United States Code, Section 5316), Money Laundering (Title 18, United States Code, Section 1956), Bulk Cash Smuggling (Title 31, United States Code, Section 5332), Alien Smuggling (Title 8, United States Code, Section 1324), Entry Without Inspection (Title 8, United States Code, Section 1325) and related offenses, Possession of Firearms by Prohibited Persons (Title 18, United States Code, Section 922(g)).

2. I have been a Special Agent with ICE/HSI since the year of two thousand and four (2004) with six (6) months of basic training at the Federal Law Enforcement Training Center in Glynco, Georgia. In addition, I have prior law enforcement experience as a Customs Inspector with the United States Customs Service (USCS), the predecessor agency of ICE/HSI and Customs and Border Protection (CBP) for six (6) years. As a Customs Inspector and Special Agent, I have received specific instruction and training in conducting criminal investigations and/or inspections associated with Import/Export law violations.

3. Because this Affidavit is submitted for a limited purpose, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

## SUMMARY OF THE INVESTIGATION

4.      On August 23, 2016, while on a routine surface patrol, The Join Interagency Task Force-South (JIATF-S) Maritime Patrol Aircraft (MPA) located a profile Go-Fast-Vessel (GFV) dead in the water approximately forty four (44) Nautical Miles (NM) northeast of Blanquilla, Venezuela.

5.      Sector San Juan (SSJ) diverted the United States Coast Guard, Cutter (CGC) JOSEPH NAPIER (JNP) for intercept. The JIATF-S MPA reported seeing multiple people onboard and several outboard engines. While JNP was heading on the intercept course, JNP launched it's over the horizon (OTH) capable small boat while SSJ requested and was granted a CGD7 Statement of No Objection (SNO) for a Right of Visit (ROV) boarding of a profile GFV displaying no indicia of nationality in international waters pursuant to international law.

6.      JNP's OTH arrived on-scene with the suspect vessel and was able to gain positive control without employing any use of force. During Right of Approach (ROA) questioning, it was observed that the GFV had four (4) persons onboard [three (3) Jamaicans and one (01) Antiguan]. One of the Jamaicans claimed to be the master of the vessel and also made a verbal claim of Jamaican nationality for the vessel.

7.      While alongside the GFV, the boarding team (BT) onboard the JNP's OTH noted new fiberglass work on the forward portion of the bow, a name and possible registration numbers scraped off the bow, and four (4) 55-gallon fuel drums onboard. CGD7 sent an action request to the Government of Jamaica to enact the ship boarding provision of the US/Jamaican bi-lateral agreement to authorize stop, board, and search of the suspect vessel as well as to request confirm Jamaican registry.

8.      The master made a verbal claim of Dominican Republic nationality for the vessel. D7 sent an Action Request Form to the Dominican Republic for flag state registry check. The Dominican Republic could neither confirm nor deny registry of the GFV. Similarly, the Government of Jamaica could neither confirm nor deny registration of the vessel.

9. Due to conflicting and unverifiable claims of nationality the vessel was determined to be without nationality. Further, the vessel was not flying the flag of any nation and CGD7 issued a SNO to treat the vessel as one without nationality and enforce US law. During the boarding, JNP's BT located approximately five hundred twenty-five (525) bales of contraband that NIK tested positive for marijuana. All four (4) personnel from the GFV were removed for safety of life at sea (SOLAS) reasons and embarked onboard JNP. 1,010.77 kgs of Marihuana were seized.

10. The four (4) individuals on board were identified as Michael Clark (Master of the Vessel), DOB: June 15 1968, Nationality: Jamaica; Cedrick Walton, DOB: July 29, 1977, Nationality: Jamaica; David Mallard Thomas, DOB: July 5, 1970, Nationality: Jamaica; John Benn, DOB: April 7, 1961, Nationality: Antigua.

11. Subsequently, all defendants, contraband, and case packages were turned over to the CCSF Special Agents at San Juan, Puerto Rico to be presented to the San Juan District of Puerto Rico for criminal prosecution. The first place the defendants entered the United States was Puerto Rico.

12. Based on my training, experience, and facts concerning this investigation, I believe that sufficient probable cause exists to show that there is material evidence present of a commission of violations of United States federal laws, to wit: Title 46 United States Code 70503(a)(1), 70504(b)(1), & 70506(b), knowing and intentional conspiracy to possesses with intent to distribute a controlled substance – marijuana – on board a vessel subject to the jurisdiction of the United States.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
John F. Rivera
Special Agent
U.S. Homeland Security Investigation

Subscribed and sworn to before me this 29th day of August 2016, in San Juan, Puerto Rico,

_____
Marcos E. López
United States Magistrate Judge
District of Puerto Rico